UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L.V. NAGLE & ASSOCIATES, INC.,

          Plaintiff,

v.

TUBULAR STEEL, INC., et al.,

          Defendants.

Case No. 2:19-cv-11399

HONORABLE STEPHEN J. MURPHY, III

_____/

## **OMNIBUS OPINION AND ORDER**

Plaintiff L.V. Nagle and Associates sued Defendants Tubular Steel for breach of contract and violation of the Michigan Sales Representative Commission Act. ECF 32. The Court has diversity jurisdiction over the claims, and the case is ready for trial. Plaintiff moved in limine to preclude reference to previous lawsuits filed by Plaintiff, ECF 52, and to preclude reference to the vaccination and health status of witness Robert McKinnon, ECF 53. Defendant moved in limine to preclude witnesses with no personal knowledge of relevant contract negotiations from testifying about the contract negotiations, ECF 63, and to preclude Ms. Susan Koss, Plaintiff's damages expert, from testifying, ECF 64. The Court will address each motion in turn.

## **LEGAL STANDARD**

"[M]otion[s] in limine [are] an important tool available to a trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). And "[b]y making evidentiary rulings ahead of trial, the Court can facilitate wise preparation by the

1

parties and prepare a smooth path for trial—particularly by casting aside inadmissible evidence that might confuse or prejudice the jury." *Dixon v. Grand Trunk W. R.R. Co.*, No. 2:13-14340, 2017 WL 5166868, at *1 (E.D. Mich. Nov. 8, 2017) (Murphy, J.) (citation omitted).

Federal Rule of Evidence 104(a) requires the Court to "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." "Relevant evidence is admissible." Fed. R. Evid. 402; *Old Chief v. United States*, 519 U.S. 172, 178 (1997). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. But the Court may still "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis." *Old Chief*, 519 U.S. at 180 (quotation omitted).

## DISCUSSION

The Court will first address the two motions in limine that Plaintiff filed. Then, the Court will address the two motions in limine that Defendants filed.

I. <u>Reference to Prior Lawsuits (ECF 52)</u>

Plaintiff moved "to exclude any testimony or reference by defense counsel at trial[] to previous unrelated lawsuits filed by Plaintiff against parties other than Defendants." ECF 52 at 1113. Plaintiff argued that "evidence of LV Nagle's prior litigation is irrelevant, prejudicial, and improper character evidence." *Id.* at 1120. At

2

the final pretrial conference, counsel for Defendants stated that Defendants did not oppose the motion. The Court will therefore grant the motion in limine and will exclude any testimony or reference to previous lawsuits filed by Plaintiff against parties other than Defendants.

II. <u>Vaccination or Health Status of McKinnon (ECF 53)</u>

Plaintiff moved to "preclude any testimony or reference by counsel regarding [witness Robert] McKinnon's reasons for absence [from trial]–including, specifically, McKinnon's vaccination status" under Federal Rules of Evidence 401, 402, and 403. ECF 53, PgID 1157, 1159–62. Plaintiff argued that while "the current border policy or McKinnon's reasons for remaining unvaccinated, vaccination, and 'vaccine mandates' remain deeply controversial in American life," "these issues have nothing to do with the Michigan Sales Representative Commission Act or the procuring cause doctrine, which supply the legal standard in this case." ECF 53, PgID 1157 (cleaned up).

The Court will exclude evidence or testimony of the vaccination status of McKinnon or his reason for being absent from trial because it is irrelevant. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible"). The parties agree that to succeed at trial Plaintiff must prove that (a) there was a contract between Plaintiff and Defendants, (b) Defendants breached the contract, and (c) Plaintiff suffered damages as a result of the breach. *See* ECF 62, PgID 1267. Whether McKinnon is vaccinated and his reasons for being absent from trial do not make any fact of consequence more or less probable. *See* Fed. R. Evid. 401 ("Evidence is relevant

3

if . . . it has any tendency to make a fact more or less probable . . . and . . . the fact is of consequence in determining the action."). Simply put, the vaccination status of McKinnon and his chosen reason for being absent from trial are entirely separate from whether Defendants contracted with Plaintiff, breached the contract, and caused damage to Plaintiff.

Defendants nevertheless argued that the evidence should be admitted under Federal Rule of Evidence 403 because it would be "extremely prejudicial to Defendants to prohibit Mr. McKinnon or counsel from sharing why he cannot attend the trial in person." ECF 57, PgID 1196. Under Rule 403, "[t]he [C]ourt may exclude *relevant* evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." (emphasis added). Rule 403 does not permit the Court to include *irrelevant* evidence because of a risk of unfair prejudice. Thus, because the evidence is irrelevant, the Court will grant the motion in limine and exclude evidence or testimony of the vaccination status of McKinnon or his reason for being absent from trial.

III. Terms of Oral Contract (ECF 63)

Defendants argued that "no person other than [Mr.] McKinnon or [Mr.] Nagle have any personal knowledge about the terms of the oral agreement between Tubular Steel and L.V. Nagle." ECF 63, PgID 1315. Defendants thus requested that the Court preclude anyone else from testifying about the terms of the contract. *Id.* They also argued that "any such testimony would constitute inadmissible hearsay under

4

Federal Rules of Evidence 801 and 802 to which no hearsay exception under Federal Rule of Evidence 803 applies." *Id.*

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The parties agree that the oral contract at issue was negotiated between Mr. McKinnon and Mr. Nagle and that no one else was present for the negotiation. *See* ECF 63, PgID 1324; ECF 37-3, PgID 537. Because no one besides Mr. McKinnon and Mr. Nagle was involved in the negotiation of the contract, no one besides them can have personal knowledge of the negotiation. Thus, the Court will grant the motion and preclude any person besides Mr. McKinnon and Mr. Nagle from testifying about the *negotiation* of the contract. But the Court will not preclude any witness with personal knowledge of the *execution* or *implementation* of the contract from testifying about how the contract was executed or implemented.[1]

IV.    Plaintiff's Damages Expert and Damage Report (ECF 64)

Defendants moved in limine to preclude Ms. Koss—the expert witness of Plaintiff—from testifying or introducing evidence at trial. ECF 64. Defendants argued that Plaintiff "failed to properly designate [Koss] as a testifying expert." *Id.* at 1347. As a result, Defendants claimed, "[they] had no reason to believe that Koss would be called as an expert at trial." *Id.* at 1345. But Plaintiff's counsel emailed a document to Defendants' counsel on February 12, 2021 titled "Plaintiff's Expert

---

[1] If a witness with personal knowledge of the execution or implementation of the contract appears to introduce hearsay statements during his testimony, the Court will consider any objection made on that ground.

5

Witness List" that stated, "Ms. Koss is expected to testify on L.V. Nagle's damages." ECF 74-2, PgID 1486. Thus, Defendants' claim that Plaintiff never disclosed Ms. Koss as an expert witness is frivolous because Plaintiff clearly identified Ms. Koss as an expert witness who would testify at trial. *See id.* And Defendants' argument that Ms. Koss should be precluded from testifying at trial because her report "expressly states [that it] was prepared solely for 'purposes of mediation'" is meritless for the same reason. ECF 64, PgID 1345.

Defendants also argued that "Koss's mediation report does not strictly comply with Rule 26." ECF 64, PgID 1352 (alterations omitted). Defendants claimed that the report "only cursorily describe[ed] [Koss's] methodologies for calculating alleged damages. . . . Koss never explain[ed] how or why she used certain figures . . . [and] [i]t is well-established that such arbitrary and unexplained assumptions by experts are not sufficient under *Daubert* [*v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)]." *Id.* at 1353–54. After review of the parties' briefing, the Court finds that it would benefit from oral argument on (1) whether Koss's first expert report "set[s] forth facts and, in doing so, outline[s] a line of reasoning arising from a logical foundation," *Brainard v. Am. Skandia Life Assur. Corp.,* 432 F.3d 655, 664 (6th Cir. 2005) (citation omitted); and (2) whether Koss's first expert report is the product of a reliable methodology that is reliably applied. *See Williams v. Syphan*, No. 22-3222, 2023 WL 1305084, at *2 (6th Cir. Jan. 31, 2023) (holding that district courts "act[] as a gatekeeper . . . ensuring only reliable evidence makes it to the jury"). The Court will therefore order the parties to prepare oral arguments, not to exceed ten minutes each,

6

on the above two questions. The parties' arguments should be supported by binding or persuasive case law, which should be provided to the Court at the conclusion of oral argument. Oral argument will be held during the first day of trial, March 20, 2023.

In sum, the Court will grant the motions in limine to: preclude reference to previous lawsuits filed by Plaintiff; preclude reference to the vaccination and health status of witness Robert McKinnon; and preclude witnesses with no personal knowledge of the contract negotiations from testifying about the contract negotiations. The Court will also order oral argument on the motion in limine to prevent Ms. Koss from testifying. The Court will resolve Defendant's motion to strike, ECF 79, in a subsequent order.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion in limine to prohibit reference to prior lawsuits [52] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion in limine to prohibit reference to the vaccination or health status of Robert McKinnon [53] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion in limine to preclude witnesses with no personal knowledge of the negotiation of the oral contract from testifying about the negotiation of the contract [63] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties must **PREPARE** oral arguments, as described above, for hearing on March 20, 2023, on the motion in limine to preclude Susan Koss from testifying [64].

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 17, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 17, 2023, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager